**BOISE NATIONAL LEASING, INC., a Delaware corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 1–65–98.

United States District Court
D. Idaho, S. D.

June 30, 1966.

Motion of Plaintiff Denied
Aug. 16, 1966.

[R. B. Kading, Jr.] Richards, Haga & Eberle [John Morey Maurice] Boise, Idaho, for plaintiff.

Harold Larsen, U. S. Dept. of Justice, Washington, D. C., for the Tax Division.

Clarence Suiter, Assistant U. S. Atty., Boise, Idaho, for defendant.

## MEMORANDUM DECISION

McNICHOLS, District Judge.

This matter came on regularly for trial before the Court, without a jury, on May 5, 1966; a stipulation of facts was made of record; oral and documentary evidence was received; and no additional briefs having been submitted by the parties in the time prescribed by the Court at the close of trial, the matter is fully submitted to the Court for determination.

Plaintiff seeks recovery of certain manufacturer's excise taxes and interest thereon it paid upon levy by the defendant. The issue before the Court is whether or not the plaintiff is a "manufacturer" within the meaning of Section 4061 of the Internal Revenue Code of 1954 [26 U.S.C. § 4061]. If plaintiff be found to be a "manufacturer" within the meaning of the aforesaid statute, a second issue is presented, namely: whether or not, for purposes of tax assessment, the value of the taxed articles was correctly computed.

The Court having carefully considered all of the evidence presented herein and having reviewed the law applicable to this matter, concludes that the relief sought by the plaintiff must be denied. In this regard, the Court advises the parties that it makes the following determinations:

### I.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(a) (1).

### II.

The Court adopts as its Findings the stipulated facts as set forth in the Stipulation of Facts on file herein.

### III.

That at all times here material the major components of the six (6) used White logging trucks purchased by plaintiff and furnished to Kenworth Motor Truck Company for combination with new chassis and parts supplied by Kenworth to assemble complete operating logging trucks for plaintiff were owned by plaintiff.

### IV.

That Kenworth Motor Truck Company in this instance was merely a fabricator who had neither a proprietary interest in the completed vehicles nor right to their sale or use; Kenworth was only entitled to reimbursement for the services of fabrication.

### V.

Accordingly, under the first count of the complaint, plaintiff is a "manufacturer" within the meaning of Section 4061 of the Internal Revenue Code of 1954 [26 U.S.C. § 4061] and is liable for the excise tax on such manufacture.

### VI.

That defendant correctly computed the excise tax on the six White

trucks by basing their fair market value on: (1) the full purchase price paid by plaintiff, (2) the price paid by plaintiff to Kenworth for fabrication, and (3) a surcharge of 10% profit on the foregoing items; plaintiff failed in its proof as to the fair market value of the vehicles prior to and after rehabilitation.

### VII.

Plaintiff at all times here material was the owner of a used 1947 Sterling truck for which plaintiff purchased a Glider Kit from Kenworth Motor Truck Company and caused it to be installed in the Sterling truck.

### VIII.

The Kenworth Motor Truck Company in this instance merely shipped the Glider Kit, consisting of a cab and frame and other component parts, to plaintiff for a price and plaintiff caused the Kit to be incorporated with the major components of the Sterling truck resulting in a rehabilitated vehicle.

### IX.

■ Consequently, under the second count of the complaint, plaintiff is a "manufacturer" within the meaning of Section 4061 of the Internal Revenue Code of 1954 [26 U.S.C. § 4061] and is liable for the excise tax on such manufacture.

### X.

■ Defendant properly assessed the excise tax on the Sterling truck by basing the computation of its fair market value on: (1) cost of the Glider Kit to plaintiff, (2) the depreciated value of the major components of the Sterling truck as carried on plaintiff's books to establish their fair market value, and (3) a surcharge of 10% on the foregoing items.

### XI.

Counsel for the defendant will prepare, serve and lodge proposed formal Findings of Fact, Conclusions of Law and the proposed Judgment within thirty days from the date hereof. Plaintiff may likewise present proposed Findings and Conclusions, or may await entry of the same by the Court and thereafter enter objections as provided in the Federal Rules of Civil Procedure.

### JUDGMENT

This action came on for trial before the Court, Honorable Raymond McNichols, District Judge, presiding, and the issues having been duly tried and a decision having been rendered,

### IT IS ORDERED AND ADJUDGED

That the plaintiff take nothing, that the action be dismissed on the merits, and that the defendant recover of the plaintiff its costs of action.

### FINDINGS OF FACT

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1346(a)(1).

2. The taxpayer, Boise National Leasing Co., is a corporation organized and existing under the laws of the State of Delaware, with its principal office at 711½ Bannock Street, Boise, Idaho.

3. The defendant assessed against the taxpayer a manufacturer's excise tax of $10,463.19 for the second quarter of 1962 and a manufacturer's excise tax of $1,000.49 for the second quarter of 1964.

4. The taxpayer did not file an excise tax return but paid the excise tax assessed on May 28, 1965, for the second quarter of 1962 in the amount of $10,463.19 plus interest of $1,778.71 and for the second quarter of 1964 in the amount of $1,000.49 plus interest of $49.50.

5. The taxpayer filed a timely claim for refund on July 30, 1965. The District Director of Internal Revenue disallowed the claim in full by formal notice mailed on September 13, 1965.

6. The complaint in this action was timely filed on October 13, 1965.

7. The taxpayer leased equipment to the Boise Cascade Corporation which owned 50% of the common stock of the taxpayer during the years in question. Gordon Smith owned the remaining 50% of the taxpayer's common stock.

8. Boise Cascade is in the lumber and building products business. Around Jan-

uary of 1962 Boise Cascade took over the Harris Brothers Lumber mill.

9. As part of this transaction, Harris Brothers sold 6 White logging trucks to the taxpayer on February 28, 1962 for $8,953.32 per truck or a total price of $53,719.92.

10. On February 12, 1962, the taxpayer ordered 6 Kenworth chassis, model 923 RB, from Kenworth Motor Truck Co. through its distributor, Boise Kenworth for $6,900.00 each. The purchase order required Kenworth Motor Truck Co. to combine its chassis with the parts from the White trucks furnished by the taxpayer. Title to the White truck parts was at all times retained by the taxpayer.

11. The White Trucks were dismantled in the shops of Boise Cascade and the major components were shipped to Kenworth Motor Truck Co. in Seattle, Washington. Boise Cascade received the White Truck frames in payment for its dismantling of the trucks.

12. Kenworth Motor Truck Co. cleaned and, when necessary, rehabilitated these parts which were then used together with its own new chassis and other materials to reassemble new operating logging trucks. These trucks were built on the same assembly line as new trucks. The order list for each truck indicated whether parts had been furnished by the customer. The parts furnished by customers were usually steamed, cleaned and stored until needed.

13. The taxpayer was required to pay Boise Kenworth $6,900 per truck or a total of $41,400 as full payment for all labor and parts provided by Kenworth.

14. The rebuilt trucks were leased by the taxpayer to Boise Cascade for use in its lumber business.

15. In computing the amount of manufacturer's excise tax due from the taxpayer to defendant, the defendant determined the fair market value of the vehicles in the following fashion:

| | |
|---|---|
| Cost of six Kenworth trucks units (6 X $6,900.00) | $ 41,400.00 |
| Fair market value of all components (6 X $8,953.32) | 53,719.92 |
| Total | $ 95,119.92 |
| Revenue Rule 54–490 Add 10% profit | 9,511.99 |
| Tax base (fair market value) | $104,631.91 |
| TAX ON ABOVE AT 10% | $10,469.19 |

16. The Kenworth Motor Truck Company was merely a fabricator who had neither a proprietary interest in the completed vehicles nor right to their sale or use; Kenworth was only entitled to reimbursement for the services of fabrication.

17. In March of 1964, the taxpayer was the owner of a 1947 Sterling Truck. This truck was a used vehicle and was not manufactured or built by Kenworth or the taxpayer. On or about March 23, 1964, the taxpayer, by its purchase order No. 808, ordered a glider kit from Boise Kenworth Company in addition to the 6 trucks mentioned above. This glider kit was shipped, by Kenworth at Seattle, Washington, to taxpayer at Boise, Idaho, upon payment of the sum of $6,478.43. A steel glider kit is a truck cab, frame, and like components or truck parts assembled in broken down form in one package for shipment by Kenworth. The taxpayer had the steel glider kit installed in its 1947 Sterling truck and leased the resulting vehicle to Boise Cascade.

18. When the defendant determined a 10% manufacturer's excise tax was due from the taxpayer, it determined the fair market value of the vehicles in the following manner:

| | | |
|---|---|---|
| Cost of one Kenworth Glider kit | | $ 6,478.43 |
| Fair market value of components furnished (depreciated value of Sterling truck on books) | | 2,616.93 |
| | Total | $ 9,095.36 |
| Revenue Rule 54–490 Add 10% profit | | 909.54 |
| Tax base (fair market value) | | $10,004.90 |
| TAX ON ABOVE AT 10% | | $1,000.49 |

19. The Kenworth Motor Truck Company merely shipped the Glider Kit, consisting of a cab and frame and other components parts, to plaintiff for a price and plaintiff caused the Kit to be incorporated with the major components of the Sterling truck resulting in a rehabilitated vehicle.

## CONCLUSIONS OF LAW

1. The taxpayer was the "manufacturer" within the meaning of Section 4061 of the Internal Revenue Code of 1954 of all 7 trucks and is liable for the excise tax on such manufacture.

2. The defendant properly assessed the excise tax on the six rebuilt White trucks by determining their fair market value to be the sum of (1) the full purchase price of the White trucks; (2) the price paid to Kenworth for fabrication, and (3) a 10% profit factor.

3. The defendant properly assessed the excise tax on the rebuilt Sterling truck by determining its fair market value to be the sum of (1) the depreciated value of the Sterling truck on the books of the taxpayer, (2) the cost of the Glider kit, and (3) a 10% profit factor.

4. Judgment should be entered for the defendant and the plaintiff's complaint dismissed.

## ORDER DENYING MOTION FOR RELIEF PURSUANT TO RULES 59 AND 52(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

This matter is before the Court on the Motion of the plaintiff seeking new trial, rehearing, amendment of Findings of Fact, Conclusions of Law and direction of entry of a new Judgment; or alternatively, for an amendment of the Findings of Fact and Conclusions of Law and the entry of Judgment in accordance therewith; and the Court having re-examined the entire file and the Court's Memorandum Decision and the Findings of Fact, the Court concludes: (1) That no hearing is needed; (2) That the plaintiff is not entitled to either of the alternative forms of relief sought;

It is therefore ordered, that the said Motion of the plaintiff be, and the same hereby is, denied.